IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMANDA COSTES                                                     PLAINTIFF

v.                          CIVIL NO. 16-5232

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                  DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Amanda Costes, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on August 27, 2013, alleging an inability to work since January 1, 2007,[1] due to an auto accident resulting in left arm and wrist injuries; PTSD (post-traumatic stress disorder); foot problems; dissociative identity disorder; borderline personality disorder; possible schizophrenia; anxiety; and depression. (Tr. 71, 205, 212). For DIB purposes, Plaintiff maintained insured status through

---

[1] Plaintiff, through her counsel, amended her alleged onset date to January 31, 2011. (Tr. 22, 44, 301).

1

March 31, 2013. (Tr. 22, 223). An administrative hearing was held on September 24, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 41-68).

By written decision dated April 30, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 24). Specifically, the ALJ found Plaintiff had the following severe impairments: a left ankle fracture with fibula nonunion; history of left upper extremity fractures; obesity; a mood disorder, not otherwise specified (NOS); PTSD; and alcohol abuse/dependence. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, push and/or pull within those limitations, stand/walk two hours in an eight-hour workday, with normal breaks, and sit six hours in an eight-hour workday, with normal breaks. In addition, she cannot climb ladders, ropes or scaffolds, and she can occasionally climb ramps and stairs, balance and operate foot controls on the left. She must avoid even moderate exposure to hazardous machinery and unprotected heights, and she is limited to jobs that can be performed while using a hand held device for prolonged ambulation 50 percent of the time. The claimant is further limited and can perform work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment. The supervision required is simple, direct and concrete.

(Tr. 26-27). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler, a document preparer and an escort vehicle driver.[2] (Tr. 33).

---

[2] While not raised by either party, the Court notes the record indicates that Plaintiff does not have a driver's license so substantial evidence does not support Plaintiff's ability to perform the job as an escort driver. (Tr. 274). However, substantial evidence of record supports Plaintiff's ability to perform work as a small products assembler and a document preparer both of which have ample jobs in the national economy.

2

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on July 6, 2016. (Tr. 3-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v.

3

Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 27th day of February 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE